IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MEREDITH FLYING SERVICE LLC**                                                **PLAINTIFF**

v.                                            NO.  3:19CV00090 JM

**OLD REPUBLIC INSURANCE COMPANY;**
**OLD REPUBLIC AEROSPACE, INC. F/K/A**
**PHOENIX AVIATION MANAGERS, INC.;**
**AND PRIME TURBINES LLC**                                                    **DEFENDANTS**

## ORDER

Pending is the motion for summary judgment filed on behalf of Defendants, Old Republic Insurance Company and Old Republic Aerospace, Inc. ("Old Republic"). (Docket # 28).  Plaintiff has filed a response and Old Republic has filed a reply.  For the reasons set forth herein Old Republic's motion is GRANTED.

Plaintiff seeks to recover under a policy of insurance issued by the Defendants for damages he claims his 1997 Air Tractor AT-602 crop dusting airplane sustained in a storm on or about June 5, 2014.  Plaintiff asserts a claim for breach of contract, the tort of bad faith and for injunctive relief.  Old Republic claims that the material facts of the case are not in dispute and the Plaintiff has failed to produce any evidence to support its claims that Old Republic breached their insurance contract or engaged in bad faith.

## Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987), Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## **Facts**

Plaintiff purchased an Air Tractor AT-602, from Ag Air Maintenance ("Ag Air") in Corning, AR in 2012 after Ag Air rebuilt the plane. Ag Air installed a used Pratt & Whitney

Canada PT6A series 65B turboprop engine (which it purchased from a turboprop dealer) in the airframe during the rebuild.  When installed, the engine's gas generator section (also known as a "GG case") had 28,933.9 total hours and had run 6,186.9 hours since its last overhaul. The power section (denoted by p/s) had 24,909.3 total hours and had run 6,282.6 hours since its last overhaul.  The engine was installed by Ag Air on the aircraft's hull on June 11, 2011, and the logbook entry for the installation reflected a Hobbs time of 2931 hours.

  The Plaintiff purchased an insurance contract with Old Republic Insurance Company ("ORIC") which provided "Physical Damage Coverage" for the AT-602.  On June 5, 2014, the Plaintiff's plane was caught in a windstorm while on the tarmac at the Jonesboro Municipal Airport ("JBR").  The winds broke the plane loose from its tie downs and caused it to be blown across the runway.  Plaintiff describes the event as follows:  "blown across the runway, ground, into the windsock and into ultimately into another plane one wing was picked up and then plane slammed to the ground this was followed by the other wing being picked up and slammed to the ground and this was repeated at least a total of four ( 4) times before hitting the wind sock and the other plane." (ecf No. 37, ¶7).

  Plaintiff submitted an insurance claim to ORIC by way of its claim management entity Old Republic Aerospace ("ORA") shortly after the storm. The Plaintiff selected George's Aircraft Repair ("George's") in Vernon, TX to undertake the repairs to the plane.  During George's inspection of the plane, it determined the power section of the turboprop engine needed to undergo a prop-strike inspection.  The power section was sent to R.T. Turbines ("RT") in Marianna, AR for the prop-strike inspection on July 7, 2014.  At the time of the inspection by RT, the power section reflected 7,041.2 hours since it was overhauled and the Hobbs meter read

3

3,689.6 - reflecting the plane had been operated 758.6 hours since the engine was installed (the difference between the Hobbs logbook entries at installation and the Hobbs logbook entry for the inspection). Plaintiff acknowledges these numbers but claims that they may be incorrect. Further, Plaintiff claims that the entire engine should have been opened and checked for damage during this initial repair following the storm.

RT inspected the power section and according to the logbook made various repairs including replacing the #6 bearing, the first stage planetary gear set, and first stage ring gear. The power section was sent back to George's and reinstalled on the Plaintiff's plane on July 30, 2014, and the plane was put back into service. ORIC paid $268,226.91 for repairs to the Plaintiffs aircraft and engine to George's (including the invoice from RT) for this first set of repairs.

Approximately 6 months later, George's contacted ORIC to report it neglected to charge for a flap repair it had performed on the Plaintiff's plane. ORIC paid George's an additional $8,924.49 for this repair, bringing the total payment for repairs on the Plaintiff's plane and engine to $277,151.40.

On June 16, 2015, over a year after the storm, the entire engine (power section and GG case) was removed by Ag Air and sent to RT for repair because of a vibration reported by the Plaintiff. The engine operated for 82.4 hours (Hobbs 3,772) since the engine had been reinstalled on the plane on July 30, 2014 by George's. RT replaced several bearings, installed 12 accessory bearings, a starter gear, an input gear, a T-5 harness, a thermocouple, a new compressor turbine vane ring ("CTVR"), and cleaned the engine's fuel injection valves. ORIC extended coverage from the original occurrence for some of these repairs and paid an additional $72,142.60 in repair

costs.  Plaintiff contends that ORIC did not pay $45,530.93 of the additional repair costs.  ORIC did not extend coverage for the new T-5 harness, the thermocouple, the CTVR ("compressor turbine vane ring"), or the cleaning of the fuel injection valves claiming that these were unrelated to the original occurrence because these repairs were necessitated by wear and tear on the engine.  This determination was made by ORA Vice President of claims and Western Regional Claims Manager Gary Czajkowski, a certified Airframe and Powerplant Mechanic ("A&P") after reviewing the invoice and documentation provided by Ag Air, RT, and the Plaintiff concerning the June 2015 repairs.  Plaintiff argues that these repairs were all related to the storm. The entire engine was re-installed on the Plaintiffs plane on June 19, 2015, and the aircraft was returned to service by Ag Air.  In total, ORIC had paid $349,294.00 for repairs to the Plaintiff's plane.

      Plaintiff continued to operate the plane for another 141 hours (Hobbs 3913) when, on September 12, 2015, almost 3 months after the last repairs, the entire engine (both the GG case and power section) was again removed by Ag Air due to the discovery of metal in the oil ("MIO"). The engine was, again, sent to RT for analysis and repairs.  RT installed a new input gear and input shaft as well as new segments before returning the engine to Ag Air.  Ag Air re-installed the engine on the airframe on September 15, 2015 and returned the plane to service.

      On October 2, 2015, after 9 more hours of operation (Hobbs 3922) Ag Air removed the entire engine (GG case and power section) a third time due to the discovery of MIO and a pilot reported vibration. The engine was shipped to Separate Defendant Prime Turbines ("Prime") for analysis.  Prime issued an engineering condition report dated November 15, 2015, outlining issues it found in its inspection of the engine. Prime provided an estimate to repair the issues it found in the engine totaling $185,338.72.

ORIC retained an engine expert, Mr. Arthur "Lee" Coffman, to inspect the Plaintiff's PT6A-65B engine at Prime Turbines. Mr. Coffman inspected the Plaintiff's engine at the Prime Turbines facility on January 29, 2016. Mr. Coffman provided ORIC with a written report of his inspection and findings. The report concluded: "From my review I have found nothing that would suggest any of the issues that have arisen since the incident/accident repair by George's Aircraft Repair, LLC on July 30, 2014 are related to that incident/accident. From what I have reviewed the issues all appear to be from the very high time engine which is more than two times beyond its P&WC recommended TBO."

Based on the opinions of Mr. Coffman, the engineering condition report from Prime Turbines, and the analysis of the Plaintiff's claim by ORIC and ORA personnel, the Plaintiff's claim for additional physical damage coverage for the subject engine was denied.

Pursuant to the terms of the insurance contract, the aircraft's physical damage coverage excluded physical damage "due and confined to wear and tear, [and] deterioration."

It is undisputed that Darrell Meredith, the owner of Meredith Flying Service, LLC., has a limited understanding of the mechanical features of the PT6A-65B turboprop engine installed on his plane. Plaintiff acknowledges that his knowledge is that of a pilot and that he is not an aviation mechanic with knowledge of the engine installed on his plane. Plaintiff argues that Defendants did not check the condition of the plane or the logbooks before issuing the insurance policy. Further, Defendants denied coverage to the engine without any request for additional information from Plaintiff. Finally, Plaintiff claims that because the high hours about which the Defendants complain were on the plane at the time that insurance was written, this defense should not be allowed. Plaintiff argues that all of the additional damage was caused by the storm on

June 5, 2014.

## Discussion

It is undisputed that the insurance policy at issue was in force and effect on the date of the storm. Further, the policy specifically excluded coverage for damage due to wear and tear or deterioration. In support of their motion, Defendants rely on the expert report of Arthur "Lee" Coffman.  Mr. Coffman has 51 years experience in the aviation industry and has held an FAA Inspection Authorization since 1978.  Based upon his inspection of the engine and review of the records, Mr. Coffman concluded that the engine in question "is a very high time engine that is more than twice the P&WC recommended [time between overhauls] for an engine installed on an agricultural aircraft."  He "found nothing to indicate that [the] issues that surfaced after July 7, 2014 were the results of damage from the incident/accident."  Plaintiff argues that the Court should disregard the opinions of Mr. Coffman because a service bulletin attached to his report does not pertain to the engine in the Plaintiff's plane.  However, the service bulletin about which Plaintiff complains was relied upon in reference to operator time between overhauls extensions. The Court does not find that this reference disqualifies the opinion of Mr. Coffman, based on his inspection of the engine and knowledge in the field.  Plaintiff has offered no evidence to contest the opinions of Mr. Coffman other than his own testimony regarding the severity of the storm. Although Plaintiff witnessed the storm and the resulting external damage which occurred to the airplane, Plaintiff did not personally observe or visually inspect the engine.  Finally, Plaintiff complains about the repairs to the engine arguing that the repairs were not consistent with Pratt & Whitney guidelines.  However, based on the affidavit of Danny Thompson, the general manager of RT Turbines, "No Old Republic employee, agent or adjuster directed certain repairs not to be

made or directed certain parts not to be used because Old Republic would not pay for them." Further, Mr. Thompson stated: "No Old Republic employee, agent or adjuster was working on the subject PT6A and my legal duty as a licensed mechanic and RT's duty as a licensed repair shop was to return the PT6A to airworthy status." Plaintiff's own opinions as to the cause of the engine damage are insufficient to meet proof with proof to rebut the evidence provided by the Defendants. See Hamilton v. Gen. Ins. Co. of Am., 71 Ark. App. 353, 32 S.W.3d 16 (2000). Because the Defendants had no obligation to cover additional repairs to the airplane, Plaintiff's bad faith claim fails.

    For these reasons, the motion for summary judgment is GRANTED.

    IT IS SO ORDERED this 21st day of August, 2020.

_____
James M. Moody Jr.
United States District Judge